**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN ENGLAND AND** | **CIVIL ACTION NO. 3:26-CV-00343** |
| **JERRY VICKNAIR, JR.** | **DISTRICT JUDGE: JOHN W. deGRAVELLES** |
| **Plaintiffs** | **MAG. JUDGE: ERIN WILDER-DOOMES** |
| **v.** | |
| **INGRAM BARGE COMPANY LLC** | |
| **Defendant** | |

## <u>ANSWER ON BEHALF OF DEFENDANT</u><br><u>INGRAM BARGE COMPANY LLC</u>

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Ingram Barge Company LLC ("IBC" or "Defendant") and files this Answer in response to the Petition for Unpaid Wages filed by the Plaintiffs, Kevin England and Jerry Vicknair, Jr. ("Plaintiffs" or "England" and "Vicknair").

1.

Defendant admits that the Plaintiffs have asserted claims under the Louisiana Wage Payment Act, La. R.S. 23:631 *et seq*. Defendant denies any liability to the Plaintiffs whatsoever.

2.

The allegations contained in Paragraph 2 of Plaintiffs' Petition are admitted. Defendant denies any liability to the Plaintiffs whatsoever.

3.

The allegations contained in Paragraph 3 of Plaintiffs' Petition are admitted.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

The allegations contained in Paragraph 5 of the Petition are denied. The pre-suit demands made by the Plaintiffs requested payments of an annual bonus payment for calendar year 2024, which annual bonus was not paid to any employee of Defendant because the company's performance metrics were not met for the year, as required by Defendant's 2024 Performance Incentive Plan (the "Plan"). In addition to the fact that no bonuses were paid to any employee under the Plan, the Plan also required employees remain employed through the incentive payout period through the incentive payout date to earn a bonus. In 2025 Defendant elected to pay a one-time discretionary bonus to its then current employees. At the time the bonus was awarded in March of 2025, neither of the Plaintiffs were employed by Defendant, and therefore they were not entitled to receive the discretionary bonus. Each of the Plaintiffs was terminated by the Defendant prior to the award of the discretionary bonus for violation of Company policy.

6.

Defendant admits that the Plaintiffs' counsel sent certain correspondence to the Defendant demanding payment of bonuses which were not earned by or owed to either Plaintiff. In response to those letters, undersigned counsel explained in detail why neither Plaintiff was entitled to payment of any bonus. Despite this clear and detailed explanation, the Plaintiffs nonetheless filed this frivolous lawsuit seeking to recover bonus payments that were clearly not earned and are not owed by Defendant. In one of his demand letters the Plaintiffs' counsel cited the case of *Divittorio v. Seale & Ross PLC*, 360 So.3d 841 (La. App. 1 Cir. 2022) in support of his client's claims. However, the holding of *DiVittorio* makes clear that discretionary bonuses (such as the bonus that Defendant awarded to its current employees in March of 2025) are not "wages" for

purposes of the Louisiana Wage Payment Act. In this case, the discretionary bonus that Defendant awarded to its current employees in March of 2025 did not even exist while either of the Plaintiffs was employed by Defendant. Plaintiff counsel's reliance on the *Divittorio* case in his pre-suit demand correspondence further demonstrates the frivolous nature of this lawsuit.

7.

The allegations contained in Paragraph 7 of the Petition are denied.

8.

The allegations set forth in the unnumbered prayer for relief paragraph at page 2 of the Petition are denied. Defendant denies any liability to the Plaintiffs whatsoever.

Now, in further response to the Plaintiff's Complaint, Defendant pleads the following affirmative defenses:

**FIRST DEFENSE**

The Plaintiffs' claims for penalty wages are barred by the fact that Defendant had a good faith basis for disputing that the Plaintiffs had earned or were entitled to payment of the bonuses claimed in this action.

**SECOND DEFENSE**

Plaintiffs' contributory negligence and comparative fault are pleaded as a bar to or in diminution of their recovery in this proceeding.

**THIRD DEFENSE**

Plaintiffs have failed to properly mitigate their damages, if any, as required by law.

**FOURTH DEFENSE**

Defendant acknowledges that venue is proper in the United States District Court for the

Middle District of Louisiana pursuant to the federal rules of venue set forth at 28 U.S.C. § 1391. However Defendant submits that venue is not proper in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, and Defendant hereby preserves its objections to venue pursuant to Article 925 of the Louisiana Code of Civil Procedure.

**WHEREFORE,** Defendant, Ingram Barge Company LLC prays that its Answer be deemed good and sufficient, and that after due delays and proceedings had, there be a judgment entered in Defendant's favor dismissing Plaintiffs' Petition for Unpaid Wages with prejudice, at their cost, and for all other general and equitable relief available.

Respectfully submitted,

*s/ David M. Whitaker*

**DAVID M. WHITAKER (La. 21149)**
**ZOE W. VERMEULEN (La. 34804)**
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
david.whitaker@keanmiller.com
zoe.vermeulen@keanmiller.com

**Counsel for Ingram Barge Company LLC**